**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOHN RINGGOLD, : | |
| : | Civil Action No. |
| Plaintiff, : | 07-2733 (RBK) |
| : | |
| v. : | **O P I N I O N** |
| FEDERAL BUREAU OF PRISONS, : | |
| : | |
| Defendant. : | |

**APPEARANCES:**

> JOHN RINGGOLD, Plaintiff pro se
> #38328-048
> Federal Correctional Institution Fort Dix
> Fort Dix, New Jersey 08640

**Robert B. Kugler, District Judge**

Plaintiff JOHN RINGGOLD (hereinafter "Plaintiff") currently confined at Federal Correctional Institution Fort Dix, Fort Dix, New Jersey (hereinafter "FCI Fort Dix"), seeks to bring this action, pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and prosecute the same in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Plaintiff submitted his (1) affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998); (2) complaint (hereinafter "Complaint"); and (3) various attachments and exhibits.

Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), as of the date of this Opinion and accompanying Order, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

Plaintiff seeks compensatory damages in the amount of $2,000,000, and punitive damages in the amount of $2,000,000, plus all costs associated with Plaintiff's prosecution of the instant action, as well as all legal fees that Plaintiff might incur if he is to resort to legal representation.  See Pet. at 3-4.

After thoroughly examining Plaintiff's submission, this Court dismisses Plaintiff's allegations for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

## DISCUSSION

**A.   PLAINTIFF'S ALLEGATIONS**

The factual events underlying Plaintiff's claims are summarized in Plaintiff's "Notice of Claim" exhibit, reading, in

its entirety, as follows:

> Regarding the incident that occurred on June 7, 2005. [Plaintiff is] a diabetic and ha[s] been taking insulin from April 2005 ongoing on daily basis. On June 7th[,] there was a mix up by medical person[ne]l dispensing the insulin. The same insulin bottle was used by [a few] inmates. Individual [potentially] contaminated needles were inserted into the same insulin bottle thereby [potentially] contaminating the insulin bottle [with transmittable diseases that might have been present in the inmates that used the bottle]. Immediately after the incident [of the insulin bottle being shared by these few inmates, Plaintiff included, the officials at the FCI Fort Dix] started treating [these inmates, Plaintiff included] with anti-AIDS medication and providing psychological counseling. The Fort Dix staff[,] including the Head Medical staff, Assistant Warden and the Camp Unit Manager had a meeting with all . . . inmates involved [Plaintiff included], admitting the mistake and assuring [the inmates] that proper threatment would be provided.

Compl. at 7.

Plaintiff, therefore, alleges that the eight of FCI Fort Dix committed negligent infliction of emotional distress upon Plaintiff by causing Plaintiff to fear that, as a result of the above-described incident, Plaintiff could have contracted HIV.[1] See id. at 2.

---

[1] Plaintiff's Complaint does not allege that Plaintiff suffered any other damages except for the fear. See Compl. at 2 ("Defendants . . . caused [P]laintiff to suffer fear of contracting the AIDS virus, and that fear constitutes mental and emotional harm").

B.   THE COURT'S JURISDICTION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.[2]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[2] Bivens actions are the federal counterpart to § 1983 claims brought against state officials.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)).  "[C]ourts have generally relief upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). If so, the Court then determines whether the defendant can be held liable for that violation. See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

This Court liberally construes Plaintiff's Complaint as attempting to state two Eighth Amendment claims, i.e., failure to protect and deliberate indifference to serious medical needs. Accord Compl. at 1 ("Defendant . . . had a . . . duty not to harm [p]laintiff physically . . . because [P]laintiff is dependent . . . on the medical treatment provided to him by [D]efendants").

C.   **PLAINTIFF'S ALLEGATIONS DO NOT STATE AN EIGHTH AMENDMENT CLAIM**

Plaintiff has a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment. The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984), see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

**1. Medical Treatment Claim**

To prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs.[3] See <u>Estelle v. Gamble</u>, 429 U.S. 97; <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

"Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." <u>Rouse</u>, 182 F.3d at 197; <u>see</u> also <u>Estelle</u>, 429 U.S. 97; <u>Natale</u>, 318 F.3d at 582; <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990). Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care constitutes deliberate indifference that is actionable. See <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable delays and denials of medical care to suffering inmates. See <u>Monmouth County Correctional Institution Inmates v.</u>

---

[3] Persistent severe pain qualifies as a serious medical need. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied 486 U.S. 1006 (1998).

In the case at bar, however, Plaintiff's Complaint unambiguously indicates that the officials at the FCI Fort Dix took prompt, elaborate and, apparently, all possible measures in response to Plaintiff's medical need since, "[i]mmediately after the incident [the officials at the FCI Fort Dix] started treating [Plaintiff] with anti-AIDS medication and providing psychological counseling." Compl. at 7.

Therefore, while there is no doubt in the Court's mind that a potential exposure to HIV qualifies as a serious medical need, this Court has no reason to conclude that the FCI Fort Dix officials were deliberately indifferent to Plaintiff's medical need. Since Plaintiff's allegations fails to state a cognizable Eighth Amendment claim with respect to Plaintiff's medical treatment, these allegations will be dismissed.

### 2. Failure-to-Protect Claim

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, prison officials must take reasonable measures to protect prisoners. See Farmer, 511 U.S. at 833.

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety.  See id. at 834; see also Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).  In other words, in the context of a failure-to-protect claim, the inmate must show that he was "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety.  Id. at 837.

To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it.  See id. at 837; Natale, 318 F.3d at 582. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."[4]  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.

---

4

"[A] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, [although] it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Moreover, deliberate indifference is more than a mere lack of ordinary due care; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer, 511 U.S. at 834.

2001). Knowledge may be shown where the official has actual notice of the risk, Nami, 82 F.3d at 67-68, or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." Farmer, 511 U.S. at 842.

In the case at bar, Plaintiff's Complaint unambiguously indicates that the Forth Dix officials were unaware of the risk until the incident happened, and that the incident was a unique and unpredictable exception to the usual prison routine. See Compl. at 7 ("[T]here was a mix up by medical person[ne]l dispensing the insulin"). While the actions of the prison officials might have constituted negligence, accord Compl. at 2 (alleging *negligent* infliction of emotional distress), the Complaint fails to indicate that the incident was caused by *deliberate indifference* on the part of the officials. Therefore, Plaintiff's allegations fails to state a cognizable Eighth Amendment failure-to-protect claim and will be dismissed.

D.   **EMOTIONAL DISTRESS CLAIM FOR COMPENSATORY DAMAGES IS NOT A COGNIZABLE CLAIM**

Moreover, even if Plaintiff's medical treatment or failure-to-protect allegations amounted to a claim cognizable under the Eighth

Amendment, Plaintiff's Complaint would have to be dismissed for failure to assert a physical injury.

Pursuant to the PLRA, 42 U.S.C. § 1997e(e), mental anguish and emotional injuries alone are not sufficient to state a § 1983 claim. Indeed, even de minimis physical injury is insufficient to support a claim pursuant to § 1997e(e). Specifically, Section 1997e(e), entitled "Limitation on recovery," provides that

> [n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

This Section "predicates a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Moreover, in order to qualify for relief, the physical injury suffered by plaintiff must be more than a de minimis one. See id.

In the case at bar, Plaintiff's physical "injury" are limited to a "physical contact" with a needle that Plaintiff used to inject insulin, see Compl. at 2; such contact does not meet the threshold requirement.[5] Therefore, Plaintiff's claims must be dismissed.

---

[5] § 1997e(e) does not bar claims lacking physical injury, as long as these claims seek declaratory relief or nominal and punitive damages. See Doe v. Delie, 257 F.3d 309, 314 n.13 (3d Cir. 2001) ("§ 1997e(e) does not bar claims seeking nominal damages to vindicate constitutional rights, nor claims seeking punitive damages"); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000)

**CONCLUSION**

For the reasons stated in this Opinion, Plaintiff's application to proceed in forma pauperis will be GRANTED.

Plaintiff's Complaint will be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

       s/Robert B.Kugler
    **ROBERT B. KUGLER**
    **United States District Judge**

Date: October 5, 2007

---

(holding that § 1997e(e) does not bar nominal and punitive damages for violations of constitutional rights even in the absence of physical injury). However, in the case at bar, Plaintiff seeks compensatory damages "in an amount not less than $2,000,000 (two million dollars") and expresses no interest in nominal damages.